IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 12-00293-KD-N |
| | ) | |
| RANDY LAMAR WILSON, JR., | ) | |
|    Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Randy Lamar Wilson, Jr.'s "Appeal of Denial of Motion for Bill of Particulars" (Doc. 92).[1]

On December 10, 2012, Defendant Wilson was indicted for conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A. (Doc. 1). On February 13, 2013, Defendant Wilson filed a Rule 7(f) motion for bill of particulars, asserting that the indictment is vague, general and lacking in specificity to pass constitutional muster. (Docs. 82, 83). Specifically, Defendant Wilson sought answers to 18 separate queries, via a bill of particulars, in order to "ensure that the defendant can adequately prepare his defense and avoid prejudicial surprise at trial." (Id.) On February 19, 2013, the Government filed a response, asserting that Defendant Wilson did not challenge the legal sufficiency of the indictment, but instead claims that there are insufficient facts alleged in the indictment for him to understand the charges against him, such that "his motion is more akin to a set of civil interrogatories[.]" (Doc. 84). The Government then addressed 17 of the 18 questions posed by Defendant Wilson. (Id.) On February 21, 2013, the Government filed a Supplemental Response, addressing the remaining question. (Doc. 90). On February 26, 2013, the Magistrate Judge denied Defendant Wilson's

---

[1] Defendant filed a one-sentence appeal of the Magistrate Judge's order.

1

Motion for a bill of particulars "for reasons set out by the United States in the response (doc. 84) and supplemental response (doc. 90)[.]" (Doc. 91). Defendant Wilson now appeals this ruling.

Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may reconsider any pretrial matter referred to a magistrate and reverse the magistrate's decision where it is shown that the decision is clearly erroneous or contrary to law. See also Rule 59(a) FED. R. CRIM P. ("[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous[]"). "This is a deferential standard of review. For purposes of this rule, 'a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'…Similarly, "[a] ruling is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." United States v. Wimbley, 2011 WL 3204539, *2 (S.D. Ala. Jul. 27, 2011).

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense….Generalized discovery is not the proper function of a bill of particulars." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985). A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). Moreover, as noted in United States of America v. Scrushy, 2004 WL 483264, *8 (N.D. Ala. Mar. 3, 2004) (citing United States v. Mainieri, 691 F. Supp. 1394, 1396 (S.D. Fla. 1988)):

> A defendant's constitutional right to know the offense with which he is charged must be distinguished from the defendant's need to know the evidentiary details establishing the facts of such offense which may be satisfied by a bill of particulars. See, United States v.

Freeman, 619 F.2d 1112, 1118 (5th Cir. 1980). In this case also, discovery is available toward this end…

Further, the Eleventh Circuit has held further, that:

> [a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978). Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection. *U.S. v. Colson*, 662 F.2d 1389 at 1391 (11th Cir. 1981).

United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), *opinion modified on other grounds*, 801 F.2d 378 (11th Cir. 1986).

Despite the standard of review, on appeal Defendant Wilson does not explain why the Magistrate's ruling was improper, or even assert that that the ruling was "clearly erroneous" or "contrary to law." Additionally, Defendant Wilson has failed to show that he is unable to prepare a defense without the requested information. Moreover, Defendant Wilson has not addressed any of the grounds in the Government's response -- grounds which support the Magistrate's denial of his bill of particulars request.

Accordingly, it is **ORDERED** that Defendant Wilson's appeal (Doc. 92) is **DENIED** and the Magistrate Judge's order (Doc. 91) is **AFFIRMED.**

**DONE** and **ORDERED** this the **4th** day of **March 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**