IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 12-00293-KD-N |
| | ) | |
| RANDY LAMAR WILSON, JR. a/k/a | ) | |
| RASHEED WILSON and | ) | |
| MOHAMMAD ABDUL RAHMAN | ) | |
| ABUKHDAIR, | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on the Defendant Randy Lamar Wilson, Jr.'s Objection to Statement of Reasons (Doc. 179) and the Government's Response thereto (Doc. 181).

Wilson objects to the Statement of Reasons because of the "incorrect notation…that the court adopted the presentence investigation report 'without change[,]'" explaining that during sentencing, the Court accepted Wilson's objection to a Criminal History Category VI, finding him instead to have a Criminal History Category I. (Doc. 179 at 1). Wilson moves the Court to update the Statement of Reasons to conform with the Court's oral findings at sentencing.

In response, the Government contends that the Court correctly calculated that Wilson has a Criminal History Category of VI because:

> --As part of his plea agreement, Wilson agreed that the sentencing enhancement in United States Guidelines § 3A1.4 applies and subsection (b) of that terrorism enhancement provides "[i]n each case, the defendant's criminal history category from Chapter Four…shall be Category VI." (Doc. 181 at 1).
>
> --Prior to sentencing the probation officer produced a presentence report advising the Court that Wilson's criminal history category is VI. (Id. (citing Doc. 165 at 13)).
>
> --While Wilson objected to the application of Section 3A1.4 (claiming that the automatic enhancement to a criminal history category VI unfairly exaggerated his criminal history), but withdrew that objection at the sentencing hearing. (Id. at 2 (citing Doc. 180 at 4)).

1

--At the sentencing hearing, the Court concluded that the correct calculation of the guidelines for Wilson was a total offense level of 42 and a criminal history Category VI. (Doc. 181 at 2-3).

--Following the hearing the Court issued the Statement of Reasons as to the sentence imposed, adopting the presentence investigation report without change, and noting that Wilson's total offense level was 42 and his criminal history Category was VI. (Id. at 3).

--The sentencing transcript "accurately reflects" that the Court clearly and unambiguously found that the correctly calculated criminal history for Wilson is Category VI. (Id. (citing Doc. 180 at 6)).

Upon consideration, the Court agrees with the Government that the correct calculation pursuant to the Guidelines was Category VI. However, at the sentencing hearing the Court indicated that a variance to Category I was appropriate because otherwise it "imports a fiction into the calculation to immediately put him up to a Category VI." (Doc. 180 at 5). The Court noted that "he really should be a Category I, but it does nothing for your client [Wilson] because it's still 360 to life, even at Category I…It doesn't help your client[]" (*i.e.*, under the guidelines, it was still 360 to life). (Id. at 6). Thus, while not clearly stated it was the Court's intent to depart to a criminal history Category I. The denial of the Defendant's requested variance was to a sentence below 180 months.

Accordingly, Defendant's motion to amend the Statement of Reasons is **GRANTED in part.** It is **ORDERED** that the Statement of Reasons be amended to reflect: Criminal History Category VI (Court Departed to a Category I, but this departure did not affect the guidelines calculation of 180 months).

**DONE** and **ORDERED** this the **16th** day of **January 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**